CITY OF MADISON, and another, Appellants, v. AYERS, and others, Respondents.

Supreme Court

*No. 76–222. Submitted on briefs October 4, 1978.—Decided October 31, 1978.*
(Also reported in 271 N.W.2d 101.)

For the appellants the cause was submitted on the brief of *Walter D. Thurow* and *Wightman, Thurow & Sauthoff* of Madison.

For respondent Walter Ayers the cause was submitted on the brief of *Lloyd Quinn* and *Stephen E. Gavin & Associates* of Madison.

For respondents Department of Industry, Labor and Human Relations and State of Wisconsin the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Beatrice Lampert,* assistant attorney general.

DAY, J.  This is an appeal from an order of the circuit court for Dane County entered June 8, 1976, the Honorable William C. Sachtjen, presiding, which sustained a demurrer to a complaint seeking a declaration that ch. 324, Laws of 1971, amending sec. 102.03 (4), Stats., is unconstitutional.

The issues raised on this appeal are:

1. Does the City of Madison have standing to challenge the constitutionality of sec. 102.03 (4), Stats.?

We hold they do not.

2. Does the City of Madison's insurance company have standing to challenge the constitutionality of sec. 102.-03 (4), Stats.?

We hold they do not.

Walter Ayers, the defendant and respondent in this declaratory judgment action, alleged that he injured his back while serving as a firefighter for the City of Madison on May 12, 1941. The City was insured for workmen's compensation by Employers Mutual Liability Insurance Company. From the time of the accident, he was paid his full wages. Wages paid to him for the time he was disabled from work were charged to sick leave. On March 2, 1964, Mr. Ayers underwent a laminectomy. He retired from the Madison Fire Department on a disability pension effective February 1, 1965.

On October 20, 1964, Mr. Ayers applied to the Industrial Commission (now the Department of Industry, Labor and Human Relations) for compensation, alleging a back injury sustained on May 12, 1941. Following a hearing, the examiner dismissed the application on May 5, 1965 on the ground that the claim was barred by the statute of limitations. The Commission as a body affirmed on July 9, 1965. An appeal was taken to the Circuit Court for Dane County and on June 26, 1967, the circuit court remanded the case to the Commission for further proceedings. On October 6, 1967, the Commission again dismissed the application on the ground that the claim was barred by the two-year statute of limitations that existed on May 12, 1941. In its findings of fact, the Commission found that sick leave payments made to Mr. Ayers after the date of the accident were not made "in lieu of compensation." The circuit court for Dane County affirmed the action of the Commission on May 31, 1968. The court in its opinion affirming the order, said that "the principle of law applied is that payment of wages during physical disability may be considered as compensation paid for purposes of the statute of limitations if the employer made the payments for workmen's compensation and they were received by the employee on the reasonable assumption that they were

compensation payments." Since Mr. Ayers' sick leave pay was not in lieu of compensation, his application was barred by the statute of limitations.

By ch. 350, Laws of 1967, the legislature amended sec. 102.17 (4), Stats., to provide that payment of wages for periods of absence should be considered payment of workmen's compensation under certain circumstances, but this amendment did not apply to pre-existing injuries such as those of Mr. Ayers.

However, ch. 324, Laws of 1971, amended sec. 102.03 (4) to read:

"The right to compensation and the amount thereof shall in all cases be determined in accordance with the provisions of law in effect as of the date of the injury, except that an employe, whose claim for benefits under this chapter was denied on the grounds that wage payments to him were not in lieu of compensation, may apply for benefits within 30 days after June 10, 1972, as if the injury was sustained within 2 years of such application, when he was employed by a municipality which had knowledge of the occurrence of such disabling injury to such employe prior to 1945. . . ."

The effective date of the amendment was June 10, 1972. Mr. Ayers again made application for hearing on June 21, 1972.

The City of Madison and Employers Mutual Liability Insurance Company filed an answer with the Department of Industry, Labor and Human Relations (D.I.L.H.R.) denying an accidental compensable injury and alleging that D.I.L.H.R. had no further jurisdiction in the case and that the amendment to sec. 102.03 (4) was unconstitutional. D.I.L.H.R. has not yet determined the merits of Mr. Ayers' claim.

On August 26, 1974, the City and Employers Mutual brought an action in Dane County Circuit Court seeking a declaratory judgment that ch. 324, Laws of 1971 (sec. 102.03 (4), Stats.) is unconstitutional. Ayers, D.I.L.H.R.

and the State of Wisconsin demurred. The trial court sustained the demurrer by order signed June 8, 1976.

## DOES THE CITY OF MADISON HAVE STANDING TO CHALLENGE THE CONSTITUTIONALITY OF SEC. 102.03(4), STATS.?

The City of Madison and Employers Mutual assert that the amendment to sec. 102.03 (4) violates the due process clause of the fourteenth amendment to the United States Constitution. They argue that a retrospective extension of the statute of limitations after its expiration amounts to a taking of property without due process of law.

The first question is whether the appellants have standing to bring such a challenge to the statute. This court has repeatedly held that a municipality, as a creature of the legislature, lacks the legal capacity to challenge the constitutionality of a statute.

In *Town of Germantown v. Village of Germantown,* 70 Wis.2d 704, 709, 235 N.W.2d 486 (1975), this court restated the general rule:

"It has been a long-standing rule in this state that legislatively created entities of the state, including towns, have no capacity to make constitutional challenges to statutes. *Village of Sussex v. Department of Natural Resources,* 68 Wis.2d 187, 197, 228 N.W.2d 173 (1975); *Marshfield v. Cameron,* 24 Wis.2d 56, 63, 127 N.W.2d 809 (1964); *State ex rel. LaCrosse v. Rothwell,* 25 Wis.2d 228, 233, 130 N.W.2d 806, 131 N.W.2d 699 (1964); *Columbia County v. Wisconsin Retirement Fund,* 17 Wis.2d 310, 116 N.W.2d 142 (1962).

"An argument similar to that raised by the town with respect to procedural statutes granting a legal entity the capacity to sue to protect its interests was raised in *Columbia County, supra.* This court therein held that such enabling statutes do not abrogate the traditional rule cited above."

This court has recognized two exceptions to this no-standing rule: (1) if it is the agency's official duty to do so, or the agency will be personally affected if it fails to do so and the statute is held invalid, and, (2) if the issue is of "great public concern." *Town of Germantown, supra* at 710.

The "great public concern" exception was advanced in *Fulton Foundation v. Department of Taxation,* 13 Wis.2d 1, 108 N.W.2d 312 (1961) in which the court allowed the Department of Taxation to challenge the constitutionality of a retroactive exemption from gift tax. Reciting the general rule that "state agencies or public officers cannot question the constitutionality of a statute unless it is their official duty to do so, or they will be personally affected if they fail to do so, and the statute is held invalid," the court nevertheless allowed the department standing to challenge the tax exemption, commenting, "we deem the exceptional situation in which it will be permitted to do so should be limited to situations involving issues of great public concern." *Id.* at 11, 13.

The court also stated in *Fulton Foundation, supra* at 14b that

"There is a further reason of policy for holding that the department should be permitted to raise this particular issue of constitutionality. This is that unless the department is permitted to do so there is little likelihood that any taxpayer will. . . ."

However, this court has emphasized that *Fulton Foundation* did not create a third exception based on the sole fact that there is little likelihood that any other affected individual would bring a challenge. Rather the fact that no individual is likely to challenge the statute may be a consideration in the judicial determination of whether the issue falls into the great public concern exception. *Town of Germantown, supra* at 711.

The "great public concern" exception has been applied sparingly. In *Fulton Foundation, supra,* the issue was whether a retroactive exemption from gift tax resulted in a diversion of public funds for private purposes. In *Associated Hospital Service v. Milwaukee,* 13 Wis.2d 447, 109 N.W.2d 271 (1961), the city of Milwaukee challenged a tax exemption for non-profit hospital service corporations as violative of the uniformity of taxation clause of the state constitution and of equal protection of the laws. *State ex rel. Singer v. Boos,* 44 Wis.2d 374, 171 N.W.2d 307 (1969) raised the question of whether an ordinance increasing the retirement allowances of retired county employees was for a public purpose. In *Unified School District No. 1 of Racine County v. W.E.R.C.,* 81 Wis.2d 89, 259 N.W.2d 724 (1977), the school district was allowed to argue that the Municipal Employment Relations Act violated the one person, one vote principle of the fourteenth amendment.

On the other hand, the court has declined to allow constitutional challenges by legislatively created entities in: *Town of Germantown, supra* (challenge to the constitutionality of statute providing for annexation of town islands) ; *State ex rel. LaCrosse v. Rothwell, supra* (challenge to statute requiring that all territory within the state be within school districts operating high schools) ; *Columbia County, supra* (challenge to mandatory inclusion of twenty-six counties in retirement program which had not voluntarily become subject to the Wisconsin Retirement Fund) ; *Buse v. Smith,* 74 Wis.2d 550, 247 N.W.2d 141 (1976) (challenge to the negative aid provisions of the school finance law as violative of the rule of uniform taxation mandated by the state constitution).

In comparison, the instant case deals with the extension of worker's compensation eligibility to a small class of applicants. The fiscal note to the bill creating this amendment (AB 505, 1971) estimated that per-

haps one or two individuals would fall into the class. The court has refused to apply the "great public concern" exception in cases which were of much broader statewide concern. We decline to apply it here.

### DOES THE CITY OF MADISON'S INSURANCE COMPANY HAVE STANDING TO CHALLENGE THE CONSTITUTIONALITY OF SEC. 102.03(4), STATS.?

The appellants assert that even if the City of Madison is barred from maintaining this action, Employers Mutual is a private corporation and as such has standing to challenge the constitutionality of the statute.

This court has held that because the surety's obligation is derived from that of the principal debtor, the liability of the surety is ordinarily measured by the liability of the principal. *Riley Construction Co. v. Schillmoeller & Krofl Co.*, 70 Wis.2d 900, 905, 236 N.W.2d 195 (1975).

In *Douglas County v. Industrial Comm.*, 275 Wis. 309, 315, 81 N.W.2d 807 (1957), this court held that municipalities can have no vested rights as against the state, citing *Trenton v. New Jersey*, 262 U.S. 182, 188, 43 S. Ct. 534, 67 L. Ed. 937 (1923):

"The power of the state, unrestrained by the contract clause or the fourteenth amendment, over the rights and property of cities held and used for 'governmental purposes' cannot be questioned."

In that case, Douglas County challenged as violative of the contract clause and the fourteenth amendment of the U.S. Constitution a retroactive application of a statute which eliminated the county's right to offset any pension annuity or death benefits payable against workmen's compensation death benefits.

The court pointed out that the Workmen's Compensation Act required that any employer liable to pay com-

pensation "shall insure payment of such compensation in some company authorized to insure such liability in this state. . ." Sec. 102.28(2), Stats. (1951), and that the insurance contract "shall be construed to grant full coverage of all liability of the assured" under the Act. Sec. 102.31(1)(a). The same requirements are present in the 1941[1] and 1973[2] versions of the statute.

The court in *Douglas County* commented

". . . when an insurance company issues a policy of workmen's compensation insurance to a municipal corporation, such as a county, its obligation is to discharge the full liability of the insured municipality for workmen's compensation benefits, not merely such hypothetical benefits as may have been due under the statutes as they stood at the time the policy was issued or when some accident occurred. In other words, the company's contract under its policy is to pay whatever workmen's compensation benefits the legislature may have seen fit

---

[1] "102.28. **Preference of claims; employer's liability insurance.** . . . (2) An employer . . . shall insure payment of such compensation in some company authorized to insure such liability in this state unless such employer shall be exempted from such insurance by the industrial commission. . . ."

"102.31. **Liability insurance; policy regulations.** (1) Every contract for the insurance of the compensation herein provided. . . shall be deemed to be made subject to the provisions of this act . . . . Such contract shall be construed to grant full coverage of all liability of the assured under and according to the provisions of the act, notwithstanding any agreement of the parties to the contrary. . . ."

[2] "102.28. **Preference of claims; workmen's compensation insurance.** . . . (2) An employer . . . shall insure payment of such compensation in some company authorized to insure such liability in this state unless such employer shall be exempted from such insurance by the department. . . ."

"102.31. **Workmen's compensation insurance; policy regulations.** (1)(a) Every contract for the insurance of the compensation herein provided . . . shall be deemed to be made subject to this act . . . Such contract shall be construed to grant full coverage of all liability of the assured under this act, notwithstanding any agreement of the parties to the contrary. . . ."

to impose upon the insured municipality. When the policy of coverage is so construed, there is no question of interference with vested rights, or impairment of the obligation of a contract, presented here." *Id.* at 319.

Thus, under the reasoning of *Douglas County,* the insurance company has no standing to challenge the constitutionality of the statute.

*By the Court.*—Order affirmed.