STATE of Wisconsin, Plaintiff-Respondent,

v.

ST. CROIX COUNTY, Defendant-Appellant.

Court of Appeals

*No. 02–1645. Submitted on briefs December 9, 2002.—
Decided July 10, 2003.*

2003 WI App 173

(Also reported in 668 N.W.2d 743.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Gregory A. Timmerman*, corporation counsel for St. Croix County of Hudson.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Lorraine C. Stoltzfus*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Roggensack, Deininger and Lundsten, JJ.

¶ 1. ROGGENSACK, J.   At the State's direction, St. Croix County passed a zoning ordinance (the riverway ordinance) to regulate the portion of the Lower St. Croix River that lies within the County. Later, the County amended the riverway ordinance so that it did not apply to the portion of the Lower St. Croix River that is under federal administration. This left that portion of the river without riverway zoning adequate to meet the State's mandate to the County. Therefore, the State sued to nullify the County's amendment. As a defense to the State's action, the County claims that the federal government preempted the regulation of the Lower St. Croix River in the federally administered area; the State lacks authority to regulate in the federal

zone; and WIS. STAT. § 30.27 (2001–02),[1] which required the passage of the riverway zoning in the first instance, is no longer valid. The circuit court granted summary judgment to the State. Because we conclude that the Wild and Scenic Rivers Act did not preempt State and local governmental regulation of the Lower St. Croix River; the State has authority to exercise its police power in the federal zone; and § 30.27 remains in full force and effect, we affirm the judgment of the circuit court.

## BACKGROUND

¶ 2.   In 1968, Congress enacted the Wild and Scenic Rivers Act, 16 U.S.C. § 1271 *et seq*. It declared as the policy of the United States that certain selected rivers shall be preserved and protected because of their scenic beauty, recreational, geological, historic, culture and other positive values. The initial provisions included the St. Croix River from Taylor Falls, Minnesota to Gordon, Wisconsin, but not the southern part of the St. Croix River south of Taylor Falls. However, in 1972, Congress enacted the Lower St. Croix River Act as an amendment to the Wild and Scenic Rivers Act, and included the 52–mile section of the St. Croix River below Taylor Falls to the confluence with the Mississippi River as part of the National Wild and Scenic River System.[2] 16 U.S.C. § 1274(a)(9). According to the Act, the upper 27–mile segment of the Lower St. Croix River is to be administered by the federal government

---

[1] We use the 2001–02 version of the statute because it is virtually unchanged from what the legislature passed in 1974. Additionally, all further references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[2] We refer to the amended Wild and Scenic Rivers Act as "the Act" throughout this opinion.

and is referred to as the "federal zone." The lower 25–mile segment is to be administered by the states of Minnesota and Wisconsin and is referred to as the "state zone."

¶ 3. In response to the Act's amendment, the Wisconsin Legislature enacted WIS. STAT. § 30.27. Section 30.27(2) directed the Wisconsin Department of Natural Resources to adopt by rule, as soon as possible, guidelines and specific standards for riverway zoning ordinances for the banks, bluffs and bluff tops of the Lower St. Croix River. Section 30.27(3) requires counties, cities, villages and towns to adopt riverway zoning that complies with the DNR's guidelines and standards. Section 30.27(3) also permits the DNR to adopt an ordinance for a city, county, village or town if a city, county, village or town does not adopt a riverway zoning ordinance within the time prescribed, or the DNR determines that the ordinance that was adopted does not satisfy its requirements.

¶ 4. The DNR adopted the required guidelines and standards as WIS. ADMIN. CODE ch. NR 118. In 1975, St. Croix County adopted St. Croix Ordinance § 17.36 as riverway zoning to regulate the Lower St. Croix River. However, in 1977, the DNR determined that the County's ordinance was not restrictive enough and the DNR replaced the initial ordinance with a version it drafted, but which the County continued to be required to administer.

¶ 5. The ordinance affected more than the state-administered portion of the river. It also extended into the federal zone that lies within the County. For reasons not explained in this appeal, in February 2000, the County decided to amend § 17.36 so that it would not affect county lands in the federal zone, as well as lands outside of the riverway district, but within the "total

visibility zone."[3] It did so by changing the boundaries of the area affected by its riverway zoning, as follows:

> [S]ec. 17.36, St. Croix County Zoning Ordinance, is hereby amended by correcting the Lower St. Croix Riverway district boundaries to be those areas within the 25–mile State administered portion of the riverway district consistent with the master plan boundaries, published in the Code of Federal Regulations, and attached hereto.

¶ 6. The master plan referred to in the County's amended ordinance is required by the Act, which provides that the Secretary of the Interior is to prepare a development plan for the St. Croix River in consultation with appropriate agencies in Wisconsin and Minnesota. 16 U.S.C. § 1281(e). The master plan includes a determination of lands, waters and interest therein to be acquired, developed and administered by the agencies or political subdivisions of the states of Wisconsin and Minnesota. The master plan provides for state administration of the state zone and for the continued administration by the states of such state parks and fish hatcheries that lie in the federal zone.

¶ 7. In response to the County's ordinance amendment, the State filed a lawsuit seeking a declaration that the County's ordinance amendment was null and void as it affects the federal zone of the riverway district. The State asserted that the amendment was passed in violation of WIS. STAT. § 30.27(3) and that the riverway zoning that had been in place prior to the

---

[3] The "total visibility zone" includes all lands that can be seen from the river, but it is broader than what Congress authorized as part of the riverway system. The State agrees the County had the authority to remove these lands from the effect of riverway zoning.

amendment was still in full force and effect. The State sought an order enjoining the County from removing that portion of the Lower St. Croix district known as the "federal zone" from the reach of riverway zoning and requiring the County to continue to enforce the ordinance in the federal zone, as it had previously. On cross motions for summary judgment, the circuit court granted the State's motion and the County appeals.

## DISCUSSION

### Standard of Review.

¶ 8. Because this appeal is from summary judgment granted to the State, our review is *de novo. Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). As part of our review, we must interpret statutes and apply them to undisputed facts. The interpretation of statutes and their application to undisputed facts are also questions of law on which we do not defer to the circuit court. *Truttschel v. Martin*, 208 Wis. 2d 361, 365–66, 560 N.W.2d 315, 317 (Ct. App. 1997).

### Federal and State Law Interaction.

¶ 9. The County contends that the State is prohibited from enacting statutes requiring ordinances that control the portion of the St. Croix River that is federally administrated under the Act because Congress preempted regulation in this zone and also because Congress did not specifically state that local governments could regulate in the federal zone. The County relies on the provisions in the Act that specifically empower the State of Wisconsin and the State of

Minnesota to continue to administer state parks and fish hatcheries that are within the federal zone, and to acquire lands in the federal zone, the use of which is consistent with the master development plan required by the Act. It is the County's position that these specified activities exclude other activities not specifically mentioned, such as those set out in the riverway zoning that it repealed. In contrast, the State contends that federal administration does not encompass zoning regulation; that local and federal regulations can coexist in the federal zone so long as the local regulations do not conflict with the Act; and that there is no conflict here. We agree with the State.

■

¶ 10.   Federal and local governments often share the regulation of areas and activities, unless there is a clear and manifest congressional indication of an intent to preempt the field. *Jones v. Rath Packing Co.*, 430 U.S. 519, 525 (1977). When the local regulation is in an area where local police powers are typically exercised, as in zoning, we assume those historic police powers were not superceded by federal law. *Id.* Although local governmental regulation cannot conflict with federal law regulating the same area or activity, "courts are not to seek out conflicts between [local] and federal regulation where none clearly exist." *Pacific Legal Found. v. State Energy Res. Conservation & Dev. Comm'n*, 659 F.2d 903, 919 (9ᵗʰ Cir. 1981). Additionally, the Wisconsin Supreme Court has held that federal law preempts state action in only three situations:   (1) where Congress expressly requires no state or local regulation; (2) where Congress implicitly demonstrates its intent to occupy the field; or (3) where state law conflicts with federal law. *Miller Brewing Co. v. DILHR*, 210 Wis. 2d 26, 34, 563 N.W.2d 460, 464 (1997).

### 1. Relevant Federal Law.

¶ 11. We begin with a review of the federal law that bears on this issue. The Act has many river-components and each one has a designated federal administrator. The Department of the Interior, operating through the National Parks Service, is the administrator of the federal zone of the St. Croix River. 16 U.S.C. § 1274(a)(6); WIS. ADMIN. CODE § NR 118.02(1). "Administration" is not defined in the act, but the Act does empower the federal administrator to enter into cooperative agreements with state and local governments for "the planning and administration of components of the system which include or adjoin State- or county-owned lands." 16 U.S.C. § 1281(e). However, the federal administrator must retain oversight authority under all cooperative agreements. *See National Park & Conservation Ass'n v. Stanton*, 54 F. Supp. 2d 7, 20 (D.D.C. 1999) (concluding that federal administrator cannot lawfully delegate all its oversight duties to local governments).

¶ 12. The master plan for the Lower St. Croix River also requires local governments "to 'develop zoning controls along the St. Croix that are consistent with the purposes of the Wild and Scenic Rivers Act' and contains recommended zoning provisions for state and local governments." *VoiceStream Minneapolis, Inc. v. St. Croix County*, 212 F. Supp. 2d 914, 929 (W.D. Wis. 2002) (citation omitted). These provisions of the master plan apply in both administration zones. *See Kiernat v. County of Chisago*, 564 F. Supp. 1089 (D. Minn. 1983) (upholding county zoning authority exercised in the federal zone of the St. Croix in Minnesota). Furthermore, the Act specifically provides in 16 U.S.C.

506

§ 1284(d)[4] that state jurisdiction over the waters included in the Act is unchanged. Waters subject to state jurisdiction are in both the state and the federal zones.

## 2. *Relevant State Law.*

■

¶ 13. WISCONSIN STAT. § 30.27(2) requires the DNR to adopt, by rule, guidelines and specific standards for local zoning ordinances that will apply to the banks, bluffs and bluff tops of the Lower St. Croix River. Section 30.27(3) provides for the implementation of the DNR's guidelines and standards created under § 30.27(2). Subsection (3) states:

> IMPLEMENTATION. Counties, cities, villages and towns lying, in whole or in part, within the areas affected by the guidelines adopted under sub. (2) are empowered to and shall adopt zoning ordinances complying with the guidelines and standards adopted under sub. (2) within 30 days after their effective date. If any county, city, village or town does not adopt an ordinance within the time limit prescribed, or if the department determines that an adopted ordinance does not satisfy the requirements of the guidelines and standards, the department shall immediately adopt such an ordinance. An ordinance adopted by the department shall be of the same effect· as if adopted by the county, city, village or town, and the local authorities shall administer and enforce the ordinance in the same manner as if the county, city, village or town had adopted it. No zoning ordinance so adopted may be modified nor may any variance there-

---

[4] 16 U.S.C. § 1284(d) provides:

**State jurisdiction over included streams.** The jurisdiction of the States over waters of any stream included in a national wild, scenic or recreational river area shall be unaffected by this Act . . . to the extent that such jurisdiction may ·be exercised without impairing the purposes of this Act . . . or its administration.

from be granted by the county, city, village or town without the written consent of the department, except nothing in this section shall be construed to prohibit a county, city, village or town from adopting an ordinance more restrictive than that adopted by the department.

¶ 14. As a starting point, we note that all administration, state and federal, must be in keeping with the preservation policy underlying the Act, as expressed in 16 U.S.C. § 1271:

> It is hereby declared to be the policy of the United States that certain selected rivers of the Nation which, with their immediate environments, possess outstandingly remarkable scenic, recreational, geologic, fish and wildlife, historic, cultural, or other similar values, shall be preserved in free-flowing condition, and that they and their immediate environments shall be protected for the benefit and enjoyment of present and future generations.

The County does not contend that prior to amendment, the riverway zoning was not an appropriate response to the State's directive or that the State's directive is in conflict with specific provisions of the Act. Additionally, the County has not identified any areas in which the federal policy is not being promoted by the riverway zoning at issue here, and we have identified none. Furthermore, the County has offered no precedent to show that the State has lost its ability to zone in the federal zone of the riverway district. In this regard, we conclude that the reasoning of the district court in *Kiernat* is persuasive. In *Kiernat*, county zoning was upheld in the federal zone of the St. Croix River in Minnesota because the master plan, prepared as a cooperative plan by state and federal administrators, contained recommended zoning provisions for local and state governments. *Kiernat*, 564 F. Supp. at 1094. The

same master plan provisions for state and local governments pertain here. Accordingly, we conclude the State retains the power to authorize zoning in the federal zone at issue here. Furthermore, given the Act's stated areas of federal and state cooperation, the absence of any explicit or implicit statement of federal preemption and the cooperation evidenced in the master plan, we conclude that the federal government has not preempted the regulation of the Lower St. Croix River in either the federal or the state zone.

**State Statute's Effect on County.**

¶ 15. The County also contends that once the master plan was implemented, the purpose of Wis. Stat. § 30.27 was fulfilled, and the statute no longer has any effect on the County's actions in regard to riverway zoning. In essence, the County contends that § 30.27 has an unstated sunset provision. It cites no authority for this novel argument, and we could find none. Additionally, the current master plan, itself, specifically relies on local zoning ordinances. It states, in part:

> Local governments adopt zoning ordinances based on state rules. Special zoning guidelines are needed in the riverway to protect the river's outstanding values as discussed in the *Cooperative Management Plan*.

¶ 16. When we interpret statutes, our goal is to determine the intent of the legislature. *Truttschel*, 208 Wis. 2d at 365, 560 N.W.2d at 317. We begin with the language chosen by the legislature. *Id.* Here, the legislature gave no indication that Wis. Stat. § 30.27 will expire or become ineffective at some future date. Additionally, the County has identified no statutory lan-

guage or case law on which it relies. We may decline to fully address issues that are not adequately developed with legal argument, *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633, 642 (Ct. App. 1992), and we do so here. Accordingly, we conclude that the formation of the master plan has no effect on the validity of § 30.27, and it remains in full force and effect.

■

¶ 17.   Counties are creatures of the State, and as such they have no authority to refuse to follow a statutory directive, absent a showing that the statute is unconstitutional or is infirm in some other respect. *See Silver Lake Sanitary Dist. v. DNR*, 2000 WI App 19, ¶ 8, 232 Wis. 2d 217, 607 N.W.2d 50. No meritorious arguments in this regard have been made relative to WIS. STAT. § 30.27. Section 30.27(3) requires that an ordinance adopted by the DNR shall have the same effect and shall be administered by the County just as though the County had drafted the ordinance. Accordingly, the riverway zoning put in place by the DNR for the Lower St. Croix remains effective, and we affirm the judgment of the circuit court nullifying the amendment to the County's riverway zoning because it was enacted in excess of the power granted to the County by the State.

## CONCLUSION

¶ 18.   Because we conclude that the Wild and Scenic Rivers Act did not preempt State and local governmental regulation of the Lower St. Croix River; the State has authority to exercise its police power in the federal zone; and WIS. STAT. § 30.27 remains in full force and effect, we affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.