Town of Somerset, Petitioner-Appellant,

v.

Wisconsin Department of Natural Resources and
Village of Somerset, Respondents-Respondents.

Court of Appeals

No. 2010AP1501. *Submitted on briefs March 15, 2011.*
*—Decided March 29, 2011.*

2011 WI App 55

(Also reported in 798 N.W.2d 282.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael J. Brose* and *Christine A. Rasmussen* of *Doar, Drill & Skow, S.C.*, New Richmond.

On behalf of the respondent-respondent, Wisconsin Department of Natural Resources, the cause was submitted on the brief of *Diane L. Milligan*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J.   In 1987, the owner of property in the Town of Somerset enrolled the property in the Department of Natural Resources' managed forest land (MFL) program. The Village of Somerset later annexed and purchased the property and withdrew it from the MFL program. When it withdrew the property, the Village paid the Department a withdrawal tax. In turn, WISCONSIN STAT. § 77.89(1)[1] required the Department to pay the withdrawal tax to "each municipality in which is located the land to which the payment applies." The Department determined that municipality was the Village. The Town disagreed and petitioned for judicial review. The circuit court dismissed the Town's petition. We affirm because:   (1) subsection 77.89(1) unambiguously required the Department to pay the withdrawal tax to the Village; and (2) the Town lacked standing to challenge the statute's constitutionality.

## BACKGROUND

¶ 2.   The MFL program was established in 1985 to "encourage the management of private forest lands for the production of future forest crops for commercial use through sound forestry practices." *See* WIS. STAT. § 77.80. A landowner who enrolls his or her land in the program pays reduced property taxes as an incentive to manage the land in a sustainable fashion. *See* WIS. STAT. § 77.84.

¶ 3.   The landowner must commit to keeping the property in the MFL program for either twenty-five or fifty years. *See* WIS. STAT. § 77.82(2)(h). If the land-

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

owner withdraws property from the program early, the landowner must pay the Department a withdrawal tax. *See* WIS. STAT. § 77.88(5). WISCONSIN STAT. § 77.89(1) requires the Department to remit "100 percent of each withdrawal tax payment . . . to the treasurer of each municipality in which is located the land to which the payment applies."

¶ 4. The property in this case was enrolled in the MFL program in 1987. At that time, the property was located in the Town. However, in November 2007, the property was annexed and purchased by the Village. In August 2008, the Village withdrew the property from the MFL program. The Village paid the Department a withdrawal tax of $43,597.28. The Department then determined that, pursuant to WIS. STAT. § 77.89(1), it was required to pay the withdrawal tax payment back to the Village because the property was located in the Village at the time of the withdrawal. Accordingly, the Department paid the Village $43,597.28 in August 2009.

¶ 5. The Town filed a petition for judicial review of the Department's decision. The petition alleged that the Department incorrectly interpreted WIS. STAT. § 77.89(1) or, in the alternative, that the statute is "unconstitutional on its face in that it deprives [the Town] of a protected property interest, contrary to [the] Wisconsin Constitution." Essentially, the Town contended the Department should have prorated the withdrawal tax payment between "the municipalities where the land was situated during the years that the tax burden was lessened as a result of the property being placed in [the] MFL program." This would have resulted in the Town receiving ninety-one percent of the payment, and the Village receiving nine percent.

¶ 6. The Department moved to dismiss. The circuit court granted the Department's motion for three

reasons. First, it concluded the Town lacked standing to challenge the Department's decision to pay the Village the withdrawal tax. Second, on the merits of the Town's statutory interpretation argument, the court concluded the Department's interpretation of WIS. STAT. § 77.89(1) was entitled to great weight deference, and then upheld that interpretation as reasonable and consistent with the clear meaning of the statute. Third, the court determined that the Town, as a legislatively-created entity, lacked standing to challenge the constitutionality of § 77.89(1). The Town now appeals.

## DISCUSSION

### I. The Department's interpretation of WIS. STAT. § 77.89(1)

¶ 7. We conclude the circuit court properly dismissed the Town's petition on the merits because the Department correctly interpreted WIS. STAT. § 77.89(1) to require payment of the withdrawal tax to the Village.[2] "In an appeal involving an administrative agency's decision, this court reviews the decision of the administrative agency, not that of the circuit court." *Lilly v. Department of Health & Social Servs.*, 198 Wis. 2d 729, 734, 543 N.W.2d 548 (Ct. App. 1995). Whether the agency properly interpreted a statute is a question of law. *Jarrett v. Labor & Indus. Review Comm'n*, 2000 WI

---

[2] We do not address the circuit court's conclusion that the Town lacked standing to challenge the Department's decision because, regardless of whether the Town had standing, the circuit court properly dismissed the Town's petition on the merits. *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) (appellate courts need not address every issue when one issue is dispositive).

App 46, ¶ 9, 233 Wis. 2d 174, 607 N.W.2d 326. We are not bound by the agency's interpretation, but, depending on the circumstances, we accord that interpretation either great weight deference, due weight deference, or no deference. *Id.*

¶ 8.   The parties differ over the level of deference we should accord the Department's interpretation of WIS. STAT. § 77.89(1). The Department contends it is entitled to great weight deference, while the Town argues no deference is appropriate. We need not resolve this dispute because, regardless of the level of deference, we are satisfied that the Department's interpretation is the only correct reading of the statute. *See Jarrett*, 233 Wis. 2d 174, ¶ 10.

■

¶ 9.   WISCONSIN STAT. § 77.89(1) requires the Department to pay "100 percent of each withdrawal tax payment received under s. 77.88(7) to the treasurer of each municipality in which *is located* the land to which the payment applies." (Emphasis added.) By using a present tense verb form, the statute clearly specifies that the Department is to remit the payment to the municipality where the property is located at the present time. The statute does not require the Department to pay the withdrawal tax to each municipality where the land *was located* during its enrollment in the MFL program. Instead, based on the plain language of the statute, it is the present location of the property that matters for purposes of making the withdrawal tax payment.

■

¶ 10.   The Town claims that the statute is ambiguous. "Ambiguity arises when more than one reasonable, although not necessarily correct, meaning can be attributed to a word, phrase, or statute." *West Allis Sch. Dist.*

*v. Department of Indus., Labor & Human Relations*, 116 Wis. 2d 410, 418–19, 342 N.W.2d 415 (1984). The Town argues the phrase "each municipality in which is located the land to which the payment applies" is ambiguous because the word "each" implies that more than one municipality can receive money. The Town argues it is therefore reasonable to read the statute as requiring that withdrawal payments be made "to each and every municipality which held the land at one time or another, and assumed the burden of the tax reduction while the property was enrolled in [the MFL program]." However, the Town's proposed reading is not reasonable because it ignores the present tense verb form "is located." By using the present tense, the statute unambiguously limits withdrawal tax payments to municipalities where the land is presently located.

¶ 11.  Even if the phrase "each municipality" rendered the statute ambiguous, the next step would be to consult extrinsic sources, such as legislative history. *See County of Dane v. Labor & Indus. Review Comm'n*, 2009 WI 9, ¶ 21, 315 Wis. 2d 293, 759 N.W.2d 571. The legislative history of WIS. STAT. § 77.89(1) supports our interpretation. The word "each" was added to the statute in 2006, by 2005 Wis. Act 299, § 25. Act 299 also expanded eligibility for MFL program enrollment to parcels of property located in more than one municipality. *See* 2005 Wis. Act 299, § 1. Thus, it is reasonable to conclude the legislature added "each" to § 77.89(1) to address how withdrawal tax payments should be made under the new law allowing managed forest land to be located in multiple municipalities. "Each municipality" therefore means every municipality where the property is presently located, not every municipality where the property has ever been located. Because the only reasonable reading of § 77.89(1) required the Department

to pay the withdrawal tax to the Village, the circuit court properly dismissed the Town's claim on the merits.

## II. Standing to challenge the constitutionality of Wis. Stat. § 77.89(1)

■

¶ 12. The circuit court concluded the Town lacked standing to challenge the constitutionality of Wis. Stat. § 77.89(1). "Whether a plaintiff has standing to bring a particular issue before a court is a question of law, which we decide independently of a circuit court's decision." *Silver Lake Sanitary Dist. v. Department of Natural Res.*, 2000 WI App 19, ¶ 6, 232 Wis. 2d 217, 607 N.W.2d 50.

■

¶ 13. Municipalities generally do not have standing[3] to challenge the constitutionality of statutes. *Id.*, ¶ 8. There is an exception to this rule if the issue is one of great public concern. *State ex rel. City of La Crosse v. Rothwell*, 25 Wis. 2d 228, 233, 130 N.W.2d 806 (1964). However, the great public concern exception only applies "to cases where a private litigant and a creature of the state are involved, and not to suits limited to creatures of the state." *Silver Lake*, 232 Wis. 2d 217, ¶ 7; *see also Rothwell*, 25 Wis. 2d at 233 (The great public concern exception "appl[ies] only to cases between private litigants and a municipality or state agency and not to suits between agencies of the state, or

---

[3] A municipality's lack of standing to challenge the constitutionality of a statute has also been characterized as a lack of "capacity." *See, e.g., City of Madison v. Town of Fitchburg*, 112 Wis. 2d 224, 240, 332 N.W.2d 782 (1983); *State ex rel. La Crosse v. Rothwell*, 25 Wis. 2d 228, 233, 130 N.W.2d 806 (1964).

between an agency or municipal corporation and the state."). This case involves a state agency and two municipalities, but no private litigants. Consequently, the great public concern exception is inapplicable.

¶ 14.  Nevertheless, the Town argues that "a close reading of the source of the exception and the limitation . . . suggests that such a restriction should not be in place in the instant case." However, *Silver Lake* and *Rothwell* clearly hold that the great public concern exception requires the presence of a private litigant. We are bound by those decisions. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997).

*By the Court.*—Order affirmed.