LOVE, VOSS & MURRAY, a partnership consisting of George W. Love, Thomas K. Voss and Daniel P. Murray, Petitioners-Appellants,

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent-Respondent.

Court of Appeals

*No. 94–2185. Submitted on briefs April 18, 1995.—Decided June 7, 1995.*

(Also reported in 536 N.W.2d 126.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *George W. Love*, of *Love, Voss & Murray* of Waukesha.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Gerald S. Wilcox*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. The partnership of Love, Voss & Murray (partnership) appeals from the circuit court's order in favor of the Wisconsin Department of Revenue (Dept. of Revenue) wherein the court affirmed the Wisconsin Tax Appeals Commission's decision and held that the Wisconsin Recycling Surcharge Tax for 1991 was constitutional. Because we conclude that the tax is not violative of the Equal Protection Clause of the United States Constitution and is a reasonable exemption under § 1 of Article VIII of the Wisconsin Constitution, we affirm.

The facts are not in dispute. The partnership is a law practice located in Waukesha, Wisconsin. For 1991, it filed a Form 3S Wisconsin Partnership Temporary Surcharge return. The partnership refused to pay the tax, claiming that it was unconstitutional. The Dept. of Revenue denied the partnership's claim by notice of adjustment. The partnership then appealed to the Dept. of Revenue appellate bureau, which denied the partnership's petition for redetermination of the temporary surcharge tax. The partnership appealed this decision to the Wisconsin Tax Appeals Commission (commission). The commission granted summary judgment in favor of Dept. of Revenue.

191

The partnership filed a petition for judicial review to the circuit court from the commission's decision and order. The circuit court affirmed the commission's decision, stating that "the Wisconsin temporary recycling surcharge tax, provided by subch. VII of ch. 77, Stats., is constitutional as it rationally furthers a legitimate state interest." The partnership appeals.

■

We must determine whether the temporary recycling surcharge tax violates the Equal Protection Clause of the United States Constitution. The constitutionality of a statute is a question of law which we review de novo. *See Bachowski v. Salamone*, 139 Wis. 2d 397, 404, 407 N.W.2d 533, 536 (1987).

The partnership challenges, among other things, the constitutionality of § 77.94, STATS., 1991, which calculates the surcharge.[1] Section 77.93, STATS., 1991, enumerates the entities to be taxed:

---

[1] Section 77.94, STATS., 1991, provides:

**77.94** (title) **Surcharge determination.** (1) Except as provided in sub. (2), for taxable years ending after April 1, 1991, and ending before April 1, 1992, the surcharge imposed under s. 77.93 is calculated as follows:

(a) On a corporation under s. 77.93(1) and (4), an amount equal to the amount calculated by multiplying gross tax liability for the taxable year of the corporation by 5.5%, or in the case of a tax-option corporation an amount equal to the amount calculated by multiplying net income under s. 71.34 . . . by 0.4345%, up to a maximum of $9,800, or $25, whichever is greater.

(b) On an entity under s. 77.93(2) or (3), except an entity that has less than $1,000 of gross receipts, an amount equal to the amount calculated by multiplying net business income as allocated or apportioned to this state by means of the methods under s. 71.04, for the taxable year of the entity by 0.4345%, up to a maximum of $9,800, or $25, whichever is greater.

(c) On an entity under s. 77.93(5), except an entity that has a net farm profit of less than $1,000, a surcharge of $25, regardless of

**77.93** (title) **Applicability.** (intro.) ~~There~~ For the privilege of doing business in this state, there is imposed a ~~recycling fee~~ temporary recycling surcharge on the following entities:

(1) All corporations required to file a return under subch. IV or V of ch. 71 for the taxable year except corporations that are exempt from taxation under s. 71.26(1) and that have no ~~gross receipts from unrelated businesses the~~ unrelated business income ~~of which is~~ reportable under s. 71.24(1m)~~, and except corporations the only gross receipts of which are from farming, as defined in section 464(e)1 of the internal revenue code~~. The ~~fee~~ surcharge is imposed on the tax-option ~~corporations~~ corporation, not on ~~their~~ its shareholders, except that if a tax-option corporation's surcharge is delinquent, its shareholders are jointly and severally liable for it.

(2) All natural persons, estates and trusts that are required to file a return under subch. I or II of ch. 71 for the taxable year and that either are an employe as defined in section 3121(d)(3) of the internal revenue code or file a form indicating a profit or loss from a trade or business, as defined in section 1402(c) of the internal revenue code, not including farming, for federal income tax purposes for the taxable year. The surcharge is imposed on each such natural person regardless of ch. 766 and regardless of whether or not the person files jointly under ch. 71. The ~~fee~~ surcharge is not imposed on ~~gross receipts~~ net business income of individuals for

whether the entity is subject to a surcharge determined under par. (b).

1991 Wis. Act 39 § 2089m. Section 77.97, STATS., provides for the use of the revenue as follows: "The department of revenue shall deposit the surcharge, interest and penalties collected under this subchapter in the recycling fund under s. 25.49."

which the ~~fee~~ <u>surcharge</u> is imposed on a tax-option corporation of which an individual is a shareholder or a partnership of which an individual is a partner.

(3) All partnerships, except partnerships that have ~~gross receipts~~ <u>net business income</u> only from farming, that are required to file a return under s. 71.20(1) for the taxable year. The ~~fee~~ <u>surcharge</u> is imposed on the partnership, not on its partners<u>, except that if a partnership's surcharge is delinquent the partners are jointly and severally liable for it</u>.

. . . .

77.93(5) All natural persons, estates, trusts and partnerships that are engaged in farming. The surcharge is imposed on the partnership, not on its partners, except that if a partnership's surcharge is delinquent the partners are jointly and severally liable for it.

1991 Wis. Act 39, §§ 2089i, 2089k. The partnership argues that "those who get taxed 'for the privilege of doing business in this state' get taxed in a substantially disparate fashion, solely on the basis of whether they are or are not a noncorporate entity engaged in farming."

We begin our analysis with the familiar proposition that "constitutional challenges to a statute must overcome a strong presumption of constitutionality." *State v. Thiel*, 188 Wis. 2d 695, 706, 524 N.W.2d 641, 645 (1994). A party attacking a statute on constitutional grounds has the burden of proving that the statute is unconstitutional beyond a reasonable doubt. *Wisconsin Bingo Supply & Equip. Co. v. Wisconsin Bingo Control Bd.*, 88 Wis. 2d 293, 301, 276 N.W.2d 716, 719 (1979).

 The partnership cites *State ex rel. LaFollette v. Torphy*, 85 Wis. 2d 94, 99, 270 N.W.2d 187, 188 (1978) (quoted source omitted), for the standard used for reviewing legislative classifications in an equal protection argument:

> (1) All classifications must be based upon substantial distinctions which make one class really different from another.
> (2) The classifications adopted must be germane to the purpose of the law.
> (3) The classifications must not be based upon existing circumstances only. They must not be so constituted as to preclude additions to the numbers included within a class.
> (4) To whatever class a law may apply, it must apply equally to each member thereof.
> (5) The characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.

In the area of taxation, the legislature has wide discretion in making classifications. *Id.* at 100, 270 N.W.2d at 188. These types of classifications need only be reasonably related to the purposes of the legislation. *Id.*[2]

The commission stated in its decision:

---

[2] In *Szarzynski v. YMCA, Camp Minikani*, 184 Wis. 2d 875, 886, 517 N.W.2d 135, 139 (1994), the supreme court stated: "Unless the challenged statute affects a 'fundamental right' or creates a classification based on a 'suspect class,' the standard this court uses in reviewing the constitutionality of the statutory classification is the 'rational basis' test. . . . [I]n order to withstand an equal protection challenge, the statutory classification must be rationally related to a legitimate government purpose." (Quoted source omitted.)

[B]oth farm income and numbers of farms in Wisconsin (most of which are individual or family operations) were in decline prior to the legislature's action, providing one rationale for easing the burden of the surcharge on farm entities in economic trouble in "America's Dairyland."

. . . [B]ecause these smaller family and individual farm operations are more subject to the vagaries of the commodity marketplace and government price supports, they are not able to pass the surcharge on to consumers by raising prices.

The circuit court agreed with the commission, stating that "the Wisconsin temporary recycling surcharge tax, provided by subch. VII of ch. 77, Stats., is constitutional as it rationally furthers a legitimate state interest."

■

We conclude that there is a rational relationship between the classification and a legitimate government purpose; therefore, the statutory sections at issue do not violate the Equal Protection Clause. We agree with the commission that farmers, unlike other businesses, cannot necessarily absorb the recycling surcharge tax through increasing the prices of their product because of the "vagaries of the commodity marketplace." Additionally, this classification serves a legitimate state interest by giving a partial exemption to a valuable part of Wisconsin's economy which has seen a decrease in numbers. See WIS. LEGISLATIVE REFERENCE BUREAU, 1981-1982 BLUE BOOK 615 and WIS. LEGISLATIVE REFERENCE BUREAU, 1991-1992 BLUE BOOK 567 (showing a decline in the number of Wisconsin farms).

■

The partnership also argues that the disparate treatment of noncorporate farmers under the

"recycling income tax surcharge" is not a reasonable exemption under § 1 of Article VIII of the Wisconsin Constitution. Article VIII provides in relevant part:

> Taxes may also be imposed on incomes, privileges and occupations, which taxes may be graduated and progressive, and reasonable exemptions may be provided.

Because Wisconsin farmers serve a vital function in this state as well as throughout the country, because they cannot necessarily recoup the tax through raising the prices on their products and because farm numbers have decreased, we conclude that the partial exemption of farmers from the recycling surcharge tax is reasonable.

*By the Court.*—Order affirmed.