S.C. JOHNSON & SON, INC., Plaintiff-Respondent,

v.

TOWN OF CALEDONIA, a Wisconsin municipality,
Defendant-Appellant.†

Court of Appeals

*No. 95–2700. Submitted on briefs July 25, 1996.—Decided
October 23, 1996.*

(Also reported in 557 N.W.2d 412.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs *Alan Macuvitz* and *Robert L. Gordon* of *Weiss, Berzowski, Brady & Donahue* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Timothy C. Frautschi* of *Foley & Lardner* of Milwaukee.

An amicus curiae brief on behalf of the League of Wisconsin Municipalities was filed by *Curtis A. Witynski* of Madison.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J. The issue on appeal is whether a property owner may challenge a real estate property tax assessment by commencing a de novo action in the circuit court pursuant to § 74.37(3)(d), STATS. Rejecting the Town of Caledonia's argument that the property owner, S.C. Johnson & Son, Inc., was limited to a certiorari review proceeding pursuant to § 70.47(13), STATS., the circuit court held that a de novo action was permitted.

The circuit court also rejected the Town's alternative argument that the de novo procedure violated the uniformity of taxation clause of the Wisconsin Constitution, art. VIII, § 1. On this issue, the court ruled that the Town did not have standing to raise the constitutionality argument. Alternatively, the court ruled that the de novo procedure did not violate the uniformity clause.

We have previously granted the Town's petition for leave to appeal the circuit court's nonfinal order. We uphold all of the court's rulings. We remand for further proceedings on Johnson's complaint.

295

## FACTS

Johnson owns property in the Town of Caledonia, Racine County. Johnson challenged the Town's 1994 assessment of its property. The Board of Review rejected Johnson's challenge and sustained the assessment. Johnson then paid the disputed assessment and filed a claim with the Town pursuant to § 74.37(2), STATS., for a refund of the challenged portion of the tax. The Town denied the claim.

Johnson then filed the instant action in the circuit court. However, Johnson did not seek the usual form of certiorari judicial review pursuant to § 70.47(13), STATS. Instead, Johnson commenced a conventional civil action by serving and filing a summons and complaint against the Town. Johnson alleged that the Town had imposed an excessive tax and seeks a refund of the disputed portion of the tax. Johnson claims that it is entitled to a full trial de novo pursuant to § 74.37(3)(d), STATS. The Town challenged this procedure and asked the trial court to construe Johnson's action as a certiorari action limited to a review of the record generated before the Board of Review.

The circuit court denied the Town's request. The court ruled that § 74.37(3)(d), STATS., permits a property owner to obtain a trial de novo in the circuit court to recover the amount of the claim not allowed by the Town. The Town appeals. The League of Wisconsin Municipalities has participated in this appeal as amicus curiae.

## DISCUSSION

### *Statutory Construction*

The question presented is one of first impression in Wisconsin. The issue involves the interpretation and reconciliation of §§ 70.47(13) and 74.37(3)(d), STATS. The interpretation of a statute presents a question of law which we review without deference to the trial court's ruling. *Goff v. Seldera*, 202 Wis. 2d 601, 617, 550 N.W.2d 144, 151 (Ct. App. 1996). Nonetheless, despite our de novo standard of review, we value a trial court's decision on a question of law. *Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 475-76, 507 N.W.2d 163, 165 (Ct. App. 1993).

Section 70.47(13), STATS., provides:

CERTIORARI. Except as provided in s. 70.85, *appeal from the determination of the board of review shall be by an action for certiorari* commenced within 90 days after the taxpayer receives the notice under sub. (12). The action shall be given preference. If the court on the appeal finds any error in the proceedings of the board which renders the assessment or the proceedings void, it shall remand the assessment to the board for further proceedings in accordance with the court's determination and retain jurisdiction of the matter until the board has determined an assessment in accordance with the court's order. For this purpose, if final adjournment of the board occurs prior to the court's decision on the appeal, the court may order the governing body of the assessing authority to reconvene the board. [Emphasis added.]

Section 74.37, STATS., provides, in part:

**(2)** CLAIM. (a) A claim for an excessive assessment may be filed against the taxation district, or the county that has a county assessor system, which collected the tax.

. . . .

**(3)** ACTION ON CLAIM. (a) In this subsection, to "disallow" a claim means either to deny the claim in whole or in part or to fail to take final action on the claim within 90 days after the claim is filed.

. . . .

(d) If the taxation district or county disallows the claim, *the claimant may commence an action in circuit court to recover the amount of the claim not allowed.* The action shall be commenced within 90 days after the claimant receives notice by registered or certified mail that the claim is disallowed. [Emphasis added.]

The appellate issue turns on the meaning of the word "action" in subsec. (3)(d) of § 74.37, STATS. Johnson argues that this language authorizes a full trial de novo in the circuit court, including a jury trial if requested.

The Town argues that this language simply refers to the traditional certiorari form of judicial review recognized by § 70.47(13), STATS. The Town contends that the trial de novo procedure represents "a radical departure from long-settled procedure." Specifically, the Town contends that a de novo procedure: (1) violates principles of issue preclusion, (2) converts the Board's role from that of an independent arbiter of the assessment dispute into that of a defender of the assessor's valuation, (3) bars the remand procedures which certiorari permits, and (4) eliminates the presumptions which the law presently accords to the assessment.

The League of Municipalities shares the concerns voiced by the Town. However, the League candidly

acknowledges that the statutes, together with relevant legislative history and case law, may well support Johnson's argument. We now examine these sources.

We begin with *Pelican Amusement Co. v. Town of Pelican*, 13 Wis. 2d 585, 109 N.W.2d 82 (1961). There, the supreme court addressed § 74.73(1), STATS., 1957, the predecessor statute to the present § 74.37, STATS. That statute permitted an action for the recovery of illegal taxes paid. *Pelican*, 13 Wis. 2d at 591, 109 N.W.2d at 85. The court said:

> Prior to 1955, § 74.73(4) required an allegedly excessive assessment to be reviewed by an appeal from the determination of the board of review by a writ of certiorari to the circuit court. *By ch. 440, Laws of 1955, the provision that required an appeal from the determination of the board of review was eliminated.*

*Id.* at 593, 109 N.W.2d at 86 (emphasis added).

The legislative history of § 74.37, STATS., supports the supreme court's statement in *Pelican*. In 1953, the legislature enacted § 74.73(4), STATS., which expressly stated that no claim or action could be brought based upon an allegedly excessive assessment. Laws of 1953, ch. 435, § 2. The statute further stated that "[t]he amount of an assessment shall be reviewed by appeal from the determination of the board of review . . . ." *Id.* However, in 1955, the legislature repealed this statute. *See* Laws of 1955, ch. 440. The legislative history accompanying this repeal demonstrates that the action was taken with the intent to allow the circuit court to take testimony and make findings of fact in assessment

cases.[1] *See* Drafting Request, *microformed on* Laws of 1955, ch. 440 (Leg. Ref. Bureau).

Finally, in 1987, the legislature enacted § 74.37, STATS., in its current form. Consistent with the *Pelican* holding, subsec. (3)(d) of this statute authorizes an action in circuit court to collect the amount of the claim not allowed. The history accompanying this enactment states that the statute embodies the *Pelican* rule which envisions the alternative methods of judicial review. 1987 Wis. Act 378, § 74.37 (notes following).

Other language in § 74.37(4)(a), STATS., when compared with the certiorari statute, § 70.47(13), STATS., supports this interpretation. Section 74.37(4)(a) provides:

> No claim or action for an excessive assessment may be brought under this section unless the procedures for objecting to assessments under s. 70.47, *except under s. 70.47(13),* have been complied with. [Emphasis added.]

By this language, the legislature has required an objecting taxpayer to comply with all of the provisions of § 70.47 governing board of review proceedings before commencing an action "under this section." Section 74.37(4)(a). However, the legislation provided one notable exception—the taxpayer need not comply with

---

[1] The bill drafter's notes reflect that in a phone conversation, Lt. Governor Warren Knowles instructed him to reform ch. 435, Laws of 1953 to provide that the "circuit judge make [sic] take testimony and make finding of fact in assessment cases. Now appeals of Bd of Rev can only remand to Bd for new assessment. Amend ch. 435 so that in certiorari in cir[cuit] c[our]t the court has authority to weigh evidence and make a final determination of the facts." *See* Drafting Request, *microformed on* Laws of 1955, ch. 440 (Leg. Ref. Bureau).

*certiorari procedures set out in § 70.47(13).* Since the legislature eliminated the certiorari method of judicial review by this language, it must have contemplated another. This, of course, is exactly what subsec. (3)(d) accomplishes by providing for a separate action in the circuit court.

Section 74.37, STATS., carries other language which, in our judgment, signals the legislative intent to create a separate and distinct method of judicial review. For instance, before an action under § 74.37 may be commenced, the taxpayer must first pay the disputed tax and comply with the claim procedures set out in the statute. Section 74.37(4)(b). Section 70.47, STATS., carries no such requirement.

Finally, and most telling, § 74.37(4)(c), STATS., amended by 1995-96 WIS. ACT 408, § 9, provides that no action may be brought under that statute if the taxpayer has contested the assessment for the same year under § 70.47(13), STATS., the certiorari statute. This clearly signals that the legislature contemplated alternative methods of judicial review at the option of the taxpayer.

We therefore agree with the circuit court that § 74.37(3)(d), STATS., allows for a trial de novo as a means of judicial review when the taxpayer claims an excessive tax.

We are not unmindful of the anomalies which a de novo procedure presents when compared with the certiorari method of judicial review. However, it is not our function to rewrite the statute where the correct construction is clearly indicated by language of the statute itself, its legislative history and the relevant case law.

### Constitutional Issues

Having rejected the Town's statutory construction argument, we turn to the Town's constitutional arguments.

### 1. Standing

First, however, we must address the trial court's threshold ruling that the Town lacked standing to raise its constitutional challenge. The court premised its ruling on the principle that a municipality, as a creature of the legislature, may not argue that a statute is unconstitutional. *Village of West Milwaukee v. Area Bd. of Vocational, Technical & Adult Educ.*, 51 Wis. 2d 356, 365, 187 N.W.2d 387, 390 (1971).

The Town contends that the "no standing" rule should not apply in this case because it did not challenge the constitutionality of § 74.37, STATS. We agree with the Town that its principal line of defense was its statutory construction argument which did not raise any constitutional issue. However, if the trial court rejected that argument, the Town's alternative argument was that Johnson's interpretation of the statute produced a constitutional violation of the uniformity clause. Thus, the Town did introduce the constitutional question into this case.

In similar situations where a municipality sought to defend a taxpayer's suit by raising claims of unconstitutionality, the Wisconsin Supreme Court has analyzed the question under the "no standing" rule and its exceptions. *See, e.g., Fulton Found. v. Department of Taxation,* 13 Wis. 2d 1, 11, 108 N.W.2d 312, 317 (1961); *Associated Hosp. Serv., Inc. v. City of Milwaukee,* 13 Wis. 2d 447, 469, 109 N.W.2d 271, 282 (1961). We will do likewise in this case.

▮▮▮▮ The "no standing" rule is absolute in cases between an agency or a municipality and the state. *See Village of West Milwaukee*, 51 Wis. 2d at 365, 187 N.W.2d at 390. The rule also applies in cases between a municipality and a private citizen, but is subject to two exceptions. *Id*. The rule does not apply: (1) when the governmental agency has a duty to raise the issue, or the agency will be personally affected if it fails to do so, and the statute is held invalid; and (2) if the issue is of "great public concern." *Id*.

Here, although the Town has substantial powers regarding the imposition and collection of real estate taxes, it is not "charged by any statute with the duty of determining the validity of any tax statute it administers." *Fulton*, 13 Wis. 2d at 13, 108 N.W.2d at 318. Nor would the Town or any of its employees "be held personally liable if they failed to do so." *Id*. We conclude the first exception does not apply.

The second exception applies in limited situations involving issues of great public concern. *Id*. In *Fulton*, the court determined that the constitutional questions of whether public funds could be diverted to a private purpose and whether a particular tax exemption violated equal protection of the laws both qualified as issues of great public concern. *Id*. at 13, 14(b), 108 N.W.2d at 318, 109 N.W.2d at 286 (on reconsideration). Likewise, in *Associated Hosp.*, the court held that the issue of whether a particular tax exemption violated the uniformity clause was a great public concern. *Associated Hosp.*, 13 Wis. 2d at 470, 109 N.W.2d at 282.

Obviously, the methods for judicial review of a board of review decision are important and of interest. However, it is not uncommon for the law to provide different and alternative procedures by which a liti-

303

gant may seek access to the courts. The issue before us does not present any substantive question involving the validity of the tax itself, the method of assessment, the allocation of exemptions, the collection of the tax or the disbursement of tax proceeds. Instead, the issue simply presents the question of whether alternative methods of obtaining judicial review of the valuation and assessment are available.

A further factor which we must consider is whether the constitutional issue is one which a taxpayer is likely, or able, to raise in the future. *Fulton*, 13 Wis. 2d at 14(b), 109 N.W.2d at 286; *City of Madison v. Ayers*, 85 Wis. 2d 540, 545, 271 N.W.2d 101, 103 (1978). We take judicial notice that judicial review proceedings of property tax assessments are routinely litigated in the circuit courts of this state. Section 74.37(6), STATS., bars a de novo action in counties with a population exceeding 500,000. Thus, Milwaukee county taxpayers are limited to a certiorari appeal. Therefore the constitutional issues raised by the Town and the League can be asserted by any Milwaukee county taxpayer in a future proceeding. Even in the face of the Town's constitutional arguments, we do not deem this issue to be one of those exceptional issues of great public concern such that the Town, as a creature of the state, should be permitted to challenge the very laws which it is obligated to administer.

We affirm the trial court's ruling that the Town and the League lack standing to challenge the constitutionality of § 74.37(3)(d), STATS.[2]

[2] Given its representative status as an entity which speaks for Wisconsin municipalities, we hold the League to the same standing limitations as the Town.

## 2. Constitutionality

Despite its "no standing" holding, the circuit court alternatively addressed the Town's constitutional challenges on the merits. In the interest of completeness, we will do likewise.

The Town contends that the circuit court's ruling violates the uniformity clause of the Wisconsin Constitution, art. VIII, § 1.[3] Specifically, it contends that under the de novo procedure: (1) judges and juries, not assessors, make assessments; (2) judges and juries do not have the necessary information or experience to equalize property valuations and to make assessments; and (3) the disparate procedures of certiorari review and a de novo trial will necessarily produce nonuniform results.

Although the Town couches its argument in different terms, we conclude that the essence of this argument has already been addressed, and rejected, in *Fontana v. Village of Fontana-on-Geneva Lake*, 107 Wis. 2d 226, 319 N.W.2d 900 (Ct. App. 1982); *aff'd on other grounds*, 111 Wis. 2d 215, 330 N.W.2d 211 (1983). There, the circuit court originally declared an assessment void and ordered a reassessment. *Fontana*, 107 Wis. 2d at 229-30, 319 N.W.2d at 901. Upon further review, the court held that the reassessment was also invalid. The court then, sua sponte, determined the appropriate tax. *Id.* at 230, 319 N.W.2d at 902.

The Village challenged the constitutionality of the circuit court action under the uniformity clause. *Id.* at 239, 319 N.W.2d at 906. The Village argued that "the statutory authority of the trial court to determine reassessment violates the principle that only the legislature, not the judiciary, may levy taxes." *Id.*

---

[3] The League joins in these constitutional arguments.

The court of appeals rejected this argument. The court said:

> [A] judicial determination of the amount of taxes justly chargeable is not a levy' of taxes. A court, in determining the proper amount of taxes justly chargeable, is not making a determination as to the amount of assessment or the percentage of assessed value to be taxed, nor is it making a tax levy. A judicial determination which establishes a proper amount of tax does not constitute a direct court exercise of the power of taxation.

*Id*. at 239-40, 319 N.W.2d at 906.

Here, the Town argues that the circuit court's ruling functionally substitutes the judiciary for the assessor and the Board of Review. *Fontana* teaches that this is not so.

Last, the Town argues that the de novo process violates the uniformity requirement because § 74.37(6), STATS., bars an action under that statute in counties with a population exceeding 500,000. As such, the Town points out that Milwaukee county taxpayers are limited to a certiorari appeal. The League broadens this to an equal protection claim.

The question of classifications is primarily for the legislature both as to need and basis.

> In considering the subject we must bear in mind that the policy of classification is a matter wholly within legislative discretion, and that whether there is room for the classification made in any given case is primarily a legislative question and can never become a judicial one except for the purpose of determining, in any given situation, whether legislative action passed the boundaries of

306

reason, reasonable doubts to be resolved in the negative.

*Servonitz v. State*, 133 Wis. 231, 239, 113 N.W. 277, 280 (1907).

█

For purposes of equal protection, there need only be a rational relationship between the classification and a legitimate government purpose. *Love, Voss & Murray v. DOR*, 195 Wis. 2d 189, 196, 536 N.W.2d 126, 129 (Ct. App. 1995).

In *State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 185 N.W.2d 306 (1971), the supreme court considered a statute which provided probation violators in counties of less than 500,000 with judicial hearings while those violators in counties with more than 500,000 received only administrative hearings. *Id*. at 550, 185 N.W.2d at 311. Rejecting an equal protection challenge, the court said that territorial uniformity in the administration of justice was not a constitutional requisite. *Id*. at 551, 185 N.W.2d at 312. The court further stated:

> Diversities which are allowable in different States are allowable in different parts of the same State . . . . Large cities may require a multiplication of courts and a peculiar arrangement of jurisdictions. It would be an unfortunate restriction of the powers of the State government if it could not, in its discretion, provide for these various exigencies.

*Id*. (quoted source omitted).

Likewise, in *Knowlton v. Board of Supervisors*, 9 Wis. 378 [*410], 389 [*421] (1859), the supreme court said the constitution of this state requires, as a rule, in levying taxes that "[t]he valuation must be uniform, the rate must be uniform. Thus uniformity in such a proceeding becomes equality . . . operating alike upon

307

the taxable property throughout the territorial limits of the state, *municipality or local subdivision of the government, within and for which the tax is to be raised.*" (Emphasis added.) Therefore, under this rule of review, any Milwaukee county taxpayer challenging the legislative scheme for judicial review would necessarily be limited to the procedures applicable in that taxing district. An equal protection argument would necessarily fail under that standard since all Milwaukee county taxpayers are governed by the same certiorari procedure. Thus, there is no uniformity or equal protection violation.

■

It is important to remember that the distinction which the legislature has created does not accord judicial review to certain citizens and withhold it from others. Were that the case, serious constitutional problems would undoubtedly exist. Rather, the legislative distinction deals with the *method* by which the right of judicial review is pursued. Given the deference which the law accords classifications based on population, we see nothing irrational or arbitrary in the legislative scheme at issue in this case. *Johnson*, 50 Wis. 2d at 553, 185 N.W.2d at 313. Thus, there is no equal protection or uniformity violation.

*By the Court.*—Order affirmed and cause remanded.