TRAILWOOD VENTURES, LLC and
Alliance Holdings, LLC, Plaintiffs-Appellants,††

v.

VILLAGE OF KRONENWETTER,
Defendant-Respondent.†

Court of Appeals

*No. 2008AP1221. Submitted on briefs November 11, 2008.
—Decided December 2, 2008.*

2009 WI App 18

(Also reported in 762 N.W.2d 841.)

† Petition to review denied 2/10/09.
†† Petition to cross-review denied 2/10/09.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Gerald M. O'Brien* and *Brian G. Formella* of *Anderson, O'Brien, Bertz, Skrenes & Golla*, Stevens Point.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Shane J. VanderWaal* of *Pietz, VanderWaal, Stacker & Rottier, S.C.*, Wausau.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. Trailwood Ventures, LLC, and Alliance Holdings, LLC, appeal a judgment reinstating the Village of Kronenwetter's tax assessments on the companies' real estate parcels. The companies also appeal an order denying their motion for reconsideration. Because we conclude the court exceeded its statutory authority, we reverse the judgment and order and remand the case for further proceedings consistent with this opinion.

¶ 2. Trailwood and Alliance own vacant lots in Kronenwetter. Both lots have frontage along, but no access to, Interstate 39. In 2005, Trailwood's 172–acre lot was assessed at $765,000 and Alliance's thirty-seven-acre lot was assessed at $316,000. In 2006, Kronenwetter's assessor valued Trailwood's parcel at $10,708,800 and Alliance's parcel at $2,309,500. The companies appealed to the Village's board of review, which reduced the parcel values to $7,353,710 and $1,463,616, respectively.

¶ 3. Pursuant to Wis. Stat. § 74.37,[1] Trailwood and Alliance each filed a claim for an excessive assessment with Kronenwetter. When the Village disallowed the claim, the companies commenced this action. Following briefing and a trial, the court determined that the parcels' values were the higher amounts as originally determined by the assessor. Trailwood and Alliance moved for reconsideration, but the court denied the motion. Trailwood and Alliance appeal.

¶ 4. There are three ways to obtain relief from a tax assessment following a board of review's determination. The property owner may bring an action for certiorari review in the circuit court, pursuant to Wis. Stat. § 70.47(13). The owner could also submit a complaint to the Department of Revenue, asking it to

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

revalue the property. WIS. STAT. § 70.85(1). This valuation is also subject to certiorari review. WIS. STAT. § 70.85(4). Finally, after paying the tax, the property owner may bring a WIS. STAT. § 74.37 claim against the taxation district or county.

¶ 5. Under WIS. STAT. § 74.37(2)(a), a claim "for an excessive assessment may be filed against the taxation district, or the county that has a county assessor system, which collected the tax."[2] If the taxation district denies the claim, the taxpayer may bring an action in the circuit court for the amount of the claim that was not allowed. WIS. STAT. § 74.37(3)(d). In other words, the taxpayer may seek a refund of the alleged overpayment. Once the taxpayer files the action,

> if the court determines that a reassessment of the property upon which the taxes were paid is necessary, the court, before entering judgment, shall continue the action to permit reassessment of the property. If, based on the reassessment, the court determines that the amount of taxes paid by the plaintiff is not excessive, judgment shall be entered for the defendant. If, based on the reassessment, the court determines that the amount of taxes paid by the plaintiff is excessive, judgment shall be entered for the plaintiff for the amount of the excessive taxes paid.

WIS. STAT. § 74.39(1).

¶ 6. An action under WIS. STAT. § 74.37 is a new trial, not a certiorari action, so we therefore review the circuit court's determination, not the assessor's or the

---

[2] WISCONSIN STAT. § 74.37(2)(b) details necessary components of a claim, such as the fact that the claim be in writing. There is no allegation that Trailwood and Alliance failed to comply with these requirements.

board of review's. *See Nankin v. Village of Shorewood*, 2001 WI 92, ¶¶ 24–25, 245 Wis. 2d 86, 630 N.W.2d 141. Here, Trailwood and Alliance assert that the trial court exceeded its statutory authority, presenting us with a question of statutory interpretation that we review de novo. *See Hutson v. State of Wis. Pers. Comm'n*, 2003 WI 97, ¶ 31, 263 Wis. 2d 612, 665 N.W.2d 212.

■

¶ 7. At a WIS. STAT. § 74.37 trial, the court is not confined to the record made before the board of review and new evidence may be presented. *Nankin*, 245 Wis. 2d 86, ¶ 25. The court need not defer to the board's determination and there is a statutory presumption that the assessor's determination is correct unless "significant contrary evidence" is presented. *See* WIS. STAT. § 70.49(2); *Bloomer Housing Ltd. P'ship v. City of Bloomer*, 2002 WI App 252, ¶ 11, 257 Wis. 2d 883, 653 N.W.2d 309.

¶ 8. WISCONSIN STAT. § 74.39 permits the court to order reassessment of the property if it is deemed necessary. If reassessment is necessary, the court holds open the judgment. If the reassessment shows the taxes paid were excessive, a refund is awarded to the taxpayer.[3] If the taxes paid were not excessive, judgment is entered for the defendant. Implicit in the statutory permission to order reassessment is the notion that sometimes, reassessment will not be necessary given the record before the court.

■

¶ 9. It appears that here, the court determined reassessment was unnecessary. It stated that Trailwood and Alliance—and Kronenwetter—failed to provide suf-

---

[3] Interest may also be added to the award. *See* WIS. STAT. § 74.35(4).

ficient evidence supporting the board of review's assessment, and the court considered the board of review's determination completely unreliable.[4] The court applied the presumption that the assessor was correct, concluded the Village's expert was more credible than the companies' expert, and entered judgment for Kronenwetter in the amounts originally determined by its assessor.

¶ 10.   The trial court correctly noted that it is not required to defer to the board of review, and we recognize the presumption of validity afforded to the Village's assessor. However, we cannot read WIS. STAT. §§ 74.37 and 74.39 to permit the court to impose a greater tax burden than the one the taxpayers challenge.[5]

¶ 11.   First, WIS. STAT. § 74.37(1) defines a claim or action for an excessive assessment as a claim or action "by an aggrieved person to recover that amount of general property tax imposed because the assessment of property was excessive." This statute does not provide a mechanism for a taxation district to challenge an assessment it deems too low. Indeed, the legislative history of § 74.37 indicates the legislature intended the section to greatly expand remedies available to the taxpayer. *See Nankin,* 245 Wis. 2d 86, ¶¶ 26–32.

---

[4] The court stated that it lacked "sufficient facts to determine whether this was a rationally based determination or whether a dartboard was employed; therefore, the Board of Review assessments will not be considered by this Court."

[5] Despite asserting that Trailwood and Alliance "assumed the risk" of a higher assessment when they proceeded under WIS. STAT. § 74.37, the Village concedes that WIS. STAT. § 74.39 "does not authorize a trial court to set a higher assessment under Wis. Stats. § 74.37 than the decision of the Board of Review."

¶ 12.   Second, nothing in WIS. STAT. § 74.39 indicates the court may raise the tax burden. If the court orders reassessment, it can either find the taxes paid were excessive or not excessive; it cannot find the taxes to be deficient. In theory, though, a reassessment could show that both the assessor and the board of review undervalued property, but the legislature did not provide a remedy for this possibility. Instead, the statute permits a refund to the taxpayer or upholds the status quo. It therefore stands to reason that even if reassessment is unnecessary, the only possible results for an action commenced under WIS. STAT. § 74.37 are a refund to the taxpayer for overpayment, or a judgment for the taxing authority if there is no overpayment. Deficiency judgments are not permitted.

¶ 13.   Indeed, the threshold for initiating an action under WIS. STAT. § 74.37 requires the taxpayer to have actually paid the tax that was due and owing, even though the taxpayer thought it excessive. WIS. STAT. § 74.37(4)(b). As such, the taxation district has already, by accepting payment, agreed that the tax value collected is the maximum value it seeks.[6] Thus, when a taxpayer brings a § 74.37 action to recover excessive taxes, the least favorable outcome for the taxpayer, and the best possible outcome for the taxation authority, is for the court to conclude there were no excessive taxes. The court cannot impose a greater tax burden than the one the taxation authority already agreed to when it accepted the taxpayer's payment.

¶ 14.   Accordingly, we reverse and remand. The court should determine whether, based on the record,

---

[6] Kronenwetter argues it did not have to specifically counterclaim for more money, because it affirmatively alleged both the board of review's and the assessor's property values. We need not reach this issue.

reassessment is necessary. If the court determines reassessment is needed, it shall follow WIS. STAT. § 74.39(1).[7]

*By the Court.*—Judgment and order reversed and cause remanded with directions. No costs awarded on appeal.

---

[7] We need not reach appellants' additional arguments. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).