METROPOLITAN ASSOCIATES, a Wisconsin Limited Partnership, On behalf of itself and all other persons and entities who filed an objection to the 2008 assessment of any parcel of real or personal property in the City of Milwaukee, Plaintiff-Respondent,†

v.

CITY OF MILWAUKEE, a Wisconsin Municipal Corporation, Defendant-Appellant.

Court of Appeals

*No. 2009AP524. Submitted on briefs August 25, 2009.*
*—Decided September 9, 2009.*

2009 WI App 157

(Also reported in 774 N.W.2d 821.)

†Petition to Review granted 12/15/09 .

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Grant F. Langley*, City Attorney and *Vincent D. Moschella*, Deputy City Attorney, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Alan Marcuvitz, Robert L. Gordon, Andrea H. Roschke* and *Susan M. Sager* of *Michael Best & Friederich LLP*, Milwaukee.

Before Fine, Kessler and Brennan, JJ.

¶ 1. FINE, J. The City of Milwaukee appeals the order granting summary judgment to Metropolitan

Associates, a Wisconsin Limited Partnership, declaring unconstitutional Wɪs. Stat. § 74.37(4)(c) & (4)(d), amended and created by 2007 Wis. Act 86, §§ 8 and 9 respectively, and enjoining the City from relying on those subsections in connection with challenges to the assessment of real property brought under § 74.37.[1] We reverse.

## I.

¶ 2. Before the enactment of 2007 Wis. Act 86, which was first applicable to "property tax assessments as of January 1, 2008," *id.*, § 11(1), and before *Nankin v. Village of Shorewood*, 2001 WI 92, 245 Wis. 2d 86, 630 N.W.2d 141, declared Wɪs. Stat. § 74.37(6) to be an unconstitutional violation of equal protection guaranteed by Wisconsin Constitution, art. I, § 1, *Nankin*, 2001 WI 92, ¶ 9, 245 Wis. 2d at 97, 630 N.W.2d at 146, the procedures in § 74.37 to challenge an alleged excessive assessment of real property were limited by § 74.37(6), which declared that § 74.37 "does not apply in counties with a population of 500,000 or more."[2] Milwaukee County is the only county with a population of 500,000

---

[1] The operative document from which this appeal is taken is an "Order for Judgment," which declares that it "is a final document for purposes of appeal." *See Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶ 27, 299 Wis. 2d 723, 737, 728 N.W.2d 670, 678 (A judgment or order is final if "the circuit court did not contemplate a subsequent document from which appeal could be taken.").

[2] Although expressly relying on the Wisconsin Constitution, *Nankin v. Village of Shorewood*, 2001 WI 92, 245 Wis. 2d 86, 630 N.W.2d 141 opined: " 'This court applies the same interpretation to the state Equal Protection Clause as that given to the equivalent federal provision.' " *Nankin*, 2001 WI 92, ¶ 11 n.5, 245 Wis. 2d at 97 n.5 630 N.W.2d at 146 n.5 (quoted source

or more. Briefly, and as material here, under § 74.37, a property owner claiming that its property was assessed too high, could file "[a] claim for an excessive assessment" with the taxing authority, § 74.37(2), and, if the claim was "disallow[ed]," the property owner could "commence an action in circuit court to recover the amount of the claim not allowed" as long as, among other things, the property owner "timely" paid the tax asserted by the taxpaying district to be owed. § 74.37(3)(d) & (4)(b).[3] Section 74.37(3)(d) provided before both *Nankin* and the enactment of 2007 Wis. Act 86, and provides now, as material: "If the taxation district or county disallows the claim, the claimant may commence an action in circuit court to recover the amount of the claim not allowed."

¶ 3. WISCONSIN STAT. § 74.37(6) violated the equal-protection rights of property taxpayers in Milwaukee County because it prevented them from getting a review of their assessments by filing an action under § 74.37(3)(d), relegating them to the more limited review

omitted). Consistent with *Nankin*, we apply equal-protection principles without distinguishing between the Wisconsin and federal guarantees.

[3] *Trailwood Ventures, LLC v. Village of Kronenwetter*, 2009 WI App 18, ¶ 4, 315 Wis. 2d 791, 793–794, 762 N.W.2d 841, 842–843, summarized the alternate ways to challenge a tax assessment:

> There are three ways to obtain relief from a tax assessment following a board of review's determination. The property owner may bring an action for certiorari review in the circuit court, pursuant to WIS. STAT. § 70.47(13). The owner could also submit a complaint to the Department of Revenue, asking it to revalue the property. WIS. STAT. § 70.85(1). This valuation is also subject to certiorari review. WIS. STAT. § 70.85(4). Finally, after paying the tax, the property owner may bring a WIS. STAT. § 74.37 claim against the taxation district or county.

by certiorari. *Nankin*, 2001 WI 92, ¶¶ 11–33, 245 Wis. 2d at 97–108, 630 N.W.2d at 146–151. *Nankin*'s determination was based on the significant differences between a court action and review by certiorari.

¶ 4. As *Nankin* recognized, review by certiorari is exceedingly narrow and gives great deference to the body whose decision is being reviewed:

> Certiorari review . . . is limited to a review of the record made before the board of review. Thus, the court may not conduct its own factual inquiry and may not admit any new evidence. On review, the court only considers the following factors:
>
>> (1) whether the board acted within its jurisdiction; (2) whether the board acted according to law; (3) whether the board's action was arbitrary, oppressive or unreasonable, representing its will rather than its judgment; and (4) whether the evidence was such that the board might reasonably make the order or determination in question.

*Id.*, 2001 WI 92, ¶ 20, 245 Wis. 2d at 101–102, 630 N.W.2d at 148 (citations and footnote omitted). On the other hand, *Nankin* pointed to the "significant advantage[s]," *id.*, 2001 WI 92, ¶ 19, 245 Wis. 2d at 101, 630 N.W.2d at 148, of a court action that were not available to property taxpayers in Milwaukee County because of WIS. STAT. § 74.37(6):

- The action that may be brought under WIS. STAT. § 74.37(3)(d) by property taxpayers other than those in Milwaukee County is governed by "state civil practice and procedure, including the right to a trial." *Nankin*, 2001 WI 92, ¶ 24, 245 Wis. 2d at 103–104, 630 N.W.2d at 149 (footnote omitted);

- The circuit court presiding over the action that may be brought under WIS. STAT. § 74.37(3)(D) by property taxpayers other than those in Milwaukee

County "may make its determination without regard to any determination made at any earlier proceeding." *Nankin*, 2001 WI 92, ¶ 25, 245 Wis. 2d at 104, 630 N.W.2d at 149.

- The circuit court presiding over the action that may be brought under WIS. STAT. § 74.37(3)(D) by property taxpayers other than those in Milwaukee County may consider "new evidence" and "may examine this evidence in making its determination." *Nankin*, 2001 WI 92, ¶ 25, 245 Wis. 2d at 104, 630 N.W.2d at 149.

- The circuit court presiding over the action that may be brought under WIS. STAT. § 74.37(3)(d) by property taxpayers other than those in Milwaukee County "may make its determination without giving deference to any determination made at a previous proceeding. The court must only give presumptive weight to the assessor's assessment. WIS. STAT. § 70.49(2)." *Nankin*, 2001 WI 92, ¶ 25, 245 Wis. 2d at 104, 630 N.W.2d at 149.

- The circuit court presiding over the action that may be brought under WIS. STAT. § 74.37(3)(d) by property taxpayers other than those in Milwaukee County "may make its determination based on the evidence" and "is not required to remand to the board for an assessment." *Nankin*, 2001 WI 92, ¶ 25, 245 Wis. 2d at 104, 630 N.W.2d at 149.

In light of the significant deference that the certiorari-review court had to give to the boards of review in Milwaukee County, *Nankin* opined that the disparate treatment was exacerbated because the contesting taxpayer had fewer rights before the boards than did those taxpayers permitted by the statute to bring an action for a refund of the alleged excess assessment even though they, too, had to first go to a board of review to challenge the assessment.

- Court actions are governed by "the rules of evidence and discovery" while "at the board hearing, evidence is presented only through sworn, oral testimony, and only the board may compel production of documents." *Id.*, 2001 WI 92, ¶ 29, 245 Wis. 2d at 106–107, 630 N.W.2d at 150 (citations omitted). "Such informal proceedings may lead to an incomplete or an inadequate record." *Id.*, 2001 WI 92, ¶ 29, 245 Wis. 2d at 107, 630 N.W.2d at 150.

- "Second, at a court trial, property owners can subpoena witnesses to testify at trial. In contrast, at the board of review hearing, only the assessor is required to appear, and only the board may, and upon the request of the assessor shall, subpoena other witnesses to appear." *Id.*, 2001 WI 92, ¶ 30, 245 Wis. 2d at 107, 630 N.W.2d at 150–151 (citations omitted).

- "Third, a court trial is conducted by a judge; the board of review proceedings are not necessarily conducted by such legal professionals who are versed in the rules of evidence. The membership and organization of the board of review varies depending on the size of the municipality and the nature of the assessment system, and the board may contain any number of town, city, or village residents; public officers; and public employees." *Id.*, 2001 WI 92, ¶ 31, 245 Wis. 2d at 107, 630 N.W.2d at 151.

- Finally, "property owners are typically afforded a greater amount of time to prepare their case at the circuit court level than before the board of review. The final assessments by the assessor and the delivery of the assessment roll takes place only a short time before the board of review meets." *Id.*, 2001 WI 92, ¶ 32, 245 Wis. 2d at 107, 630 N.W.2d at 151 (footnote omitted).

*Nankin* thus concluded: "On the whole, these differences show that a property owner who is permitted to pursue a circuit court action is treated significantly

different than property owners who are limited to mere certiorari review in the circuit court." *Id.*, 2001 WI 92, ¶ 33, 245 Wis. 2d at 108, 630 N.W.2d at 151. As noted, it thus struck WIS. STAT. § 74.37(6) from the statute, concluding that there was no rational basis for the disparate treatment. *Nankin*, 2001 WI 92, ¶ 51, 245 Wis. 2d at 117, 630 N.W.2d at 155–156. It left the rest of § 74.37 "fully operative." *Nankin*, 2001 WI 92, ¶ 50, 245 Wis. 2d at 117, 630 N.W.2d at 155. After *Nankin*, all taxpayers challenging their property tax assessments could use the action route under § 74.37(3)(d). *U.S. Bank Nat'l Ass'n v. City of Milwaukee*, 2003 WI App 220, ¶ 18, 267 Wis. 2d 718, 737, 672 N.W.2d 492, 500.

¶ 5. By enacting 2007 Wis. Act 86, the legislature attempted to meet *Nankin*'s equal-protection concerns but still give communities (not limited to Milwaukee County) the choice to relegate those taxpayers unhappy with their assessments to the procedures other than the action permitted by WIS. STAT. § 74.37(3)(d). It did this by giving those communities the ability to opt out of the action route by the adoption of an appropriate ordinance. § 74.37(4)(d), created by 2007 Wis. Act 86, § 9.[4] The City adopted such an ordinance.

---

[4] WISCONSIN STAT. § 74.37(4)(d) provides:

> No claim or action for an excessive assessment may be brought or maintained under this section if the taxation district in which the property is located enacts an ordinance under s. 70.47(7)(c) or if the 1st class city in which the property is located enacts an ordinance under s. 70.47(16)(c), except that this paragraph does not apply if the taxation district or the 1st class city did not comply with s. 70.365.

Similarly, § 74.37(4)(c) as amended by 2007 Wis. Act 86, § 8, prevents an action under § 74.37(3)(d) by referencing provisions triggered by the taxpaying district's adoption of the ordinance referred to in § 74.37(4)(d):

¶ 6. Metropolitan Associates brought this action on behalf of itself and other similarly situated taxpayers seeking a declaration that the opt-out provision deprived it of equal protection. As we have seen, the circuit court agreed with Metropolitan Associates, and granted summary judgment to it.

## II.

■

¶ 7. The facts here are not disputed, and, as with all summary-judgment appeals, our review is *de novo*. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987). Persons or entities are denied equal protection by a statute if the following three elements are met: (1) "the legislature created a distinct classification" of those subject to the statute; (2) the statute treats some of those subject to the statute "significantly different" than the others; and (3) unless a heightened scrutiny applies because the classification "involve[s] a suspect class or a fundamental interest" (and neither party contends that a heightened scrutiny is appropriate here), there is "no rational basis" for the classification and the resulting different treatment. *See Nankin*, 2001 WI 92, ¶¶ 11, 13–15, 245 Wis. 2d at 98, 99, 630 N.W.2d at 146, 147. The parties concede that the first element is met here, and the City contends that we do not have to reach the "rational basis" element because, it argues, the statute does not treat two classes of taxpayers "significantly differently."

No claim or action for an excessive assessment may be brought or maintained under this section if the assessment of the property for the same year is contested under s. 70.47(7)(c), (13), or (16)(c) or 70.85. No assessment may be contested under s. 70.47(7)(c), (13), or (16)(c) or 70.85 if a claim is brought and maintained under this section based on the same assessment.

*See Lake Country Racquet and Athletic Club, Inc. v. Morgan*, 2006 WI App 25, ¶ 33, 289 Wis. 2d 498, 521, 710 N.W.2d 701, 713 (The rational-basis element is not reached unless the classes are treated significantly differently.) As we discuss below, we agree with the City, and conclude that Metropolitan Associates has not satisfied its burden to demonstrate beyond a reasonable doubt that the revised statutory scheme violates its right to equal protection. *See id.*, 2006 WI App 25, ¶ 32, 289 Wis. 2d at 521, 710 N.W.2d at 712–713 (party contending that a statute is unconstitutional must establish that contention beyond a reasonable doubt).[5]

¶ 8. As we have seen, *Nankin* determined that the procedures available to taxpayers challenging assessments *via* the action route under WIS. STAT. § 74.37(3)(d) denied equal protection to Milwaukee County taxpayers, who were prevented by § 74.37(6) from using that route. The legislature sought to address *Nankin*'s concerns, and it did.

¶ 9. First, by amending WIS. STAT. §§ 70.47(13) and 70.47(16)(a) by 2007 Wis. Act 86, §§ 4 and 5 respectively, the legislature has, for those taxpayers in taxing districts (including the City) opting in, substituted for the certiorari procedure, to which Milwaukee County taxpayers were limited under the old scheme, a broad right to be heard in court following an adverse decision by a board of review. Under the provisions as they now read:

---

[5] For the history of the formulation of the burden to show beyond a reasonable doubt that a statute is unconstitutional despite the phrase's evidentiary connotations see *Guzman v. St. Francis Hosp., Inc.*, 2001 WI App 21, ¶ 4 n.3, 240 Wis. 2d 559, 568 n.3, 623 N.W.2d 776, 781 n.3, *implicitly overruled on other grounds by Ferdon ex rel. Petrucelli v. Wisconsin Patients Compensation Fund*, 2005 WI 125, 284 Wis. 2d 573, 701 N.W.2d 440.

Although "the court shall presume that the board's valuation is correct," that presumption goes away if "rebutted by a sufficient showing by the appellant [taxpayer] that the valuation is incorrect. If the presumption is rebutted, the court shall determine the assessment without deference to the board of review and based on the record before the board of review, except that the court may consider evidence that was not available at the time of the hearing before the board[,] [or] that the board refused to consider, or that the court otherwise determines should be considered in order to determine the correct assessment."[6]

This does all of the following:

- If rebutted, the presumption that the board's assessment was correct goes away; this is akin to the "bursting bubble" approach to presumptions in Rule 301 of the Federal Rules of Evidence, which is reverse of the shift-the-burden mechanism of Wis. Stat. Rule 903.01.[7]

---

[6] The bracketed comma does not appear in the amended Wis. Stat. § 70.47(16)(a); the bracketed "or" is in the amended § 70.47(16)(a) but is not in the amended § 70.47(13).

[7] Rule 301 of the Federal Rules of Evidence provides:

> In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

WISCONSIN STAT. RULE 903.01 provides:

> Except as provided by statute, a presumption recognized at common law or created by statute, including statutory provisions that certain basic facts are prima facie evidence of other facts, imposes on the party relying on the presumption the burden of proving the basic facts, but once the basic facts are found to exist the presumption imposes on the party against whom it is directed

- Thus, once the taxpayer shows that the board's assessment is incorrect—that is, bursts the presumption bubble so it disappears and is no longer effective; the statutes say that the circuit court may not then give "deference to the board of review"—the court is free to consider *any evidence* it deems both material and relevant to the proper assessment: (1) evidence considered by the board; (2) evidence not considered by the board because it was not available; (3) evidence not considered by the board because the board refused to consider it; and (4) *any other evidence* the court deems appropriate to consider. These broad powers to consider evidence are fully consistent with WIS. STAT. RULES 904.02, 904.01, and 906.11(1), which give courts extensive leeway to conduct trials so as to, as commanded by WIS. STAT. RULE 901.02, ensure that "the truth may be ascertained and proceedings justly determined."[8]

---

the burden of proving that the nonexistence of the presumed fact is more probable than its existence.

[8] WISCONSIN STAT. RULE 904.02 provides: "All relevant evidence is admissible, except as otherwise provided by the constitutions of the United States and the state of Wisconsin, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible."

WISCONSIN STAT. RULE 904.01 provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

WISCONSIN STAT. RULE 906.11(1) provides: "The judge shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to do all of the following:

(a) Make the interrogation and presentation effective for the ascertainment of the truth.

(b) Avoid needless consumption of time.

2007 Wis. Act 86 gives to taxpayers in opt-in jurisdictions the functional equivalent of a full trial on the merits of the assessment and is a far cry from the crabbed review by certiorari *Nankin* condemned. Indeed, Metropolitan Associates does not point to anything other than the board gets the first crack at passing on and formulating an assessment that distinguishes the new procedure under §§ 70.47(13) and 70.47(16)(a) from an action commenced under § 74.37(3)(d) except the phrase that, among other things, the court shall make its assessment determination "based on the record before the board of review." But, as we have seen, and this is critical, the court, unlike the situation in a certiorari review, does not give any deference to the board's decision once the presumption bubble is burst and, significantly, the court may also consider *any* evidence it deems appropriate to its decision. Further, also unlike the situation under certiorari review, the court is to no longer remand to the board for a do-over but is directed by the statute to determine the assessment based on all the evidence before it. But there is more.

¶ 10. As we have seen, *Nankin* determined that certiorari review of a board's assessment was especially problematic when compared to an action brought pursuant to WIS. STAT. § 74.37(3)(d) because of the largely one-sided assessment process at the board level. Thus, the boards' hearings were before persons who were "not necessarily . . . legal professionals" familiar with the rules of evidence, and only the board could compel the production of documents or, upon the request of only the assessor, the testimony of witnesses. *See Nankin*, 2001 WI 92, ¶¶ 29–31, 245 Wis. 2d at 106–107, 630 N.W.2d at

(c) Protect witnesses from harassment or undue embarrassment."

150–151. This, too, has been fixed. Under WIS. STAT. § 70.47(8)(d), as amended by 2007 Wis. Act 86, § 2, the board "may and upon request of *either* the assessor or the objector [taxpayer] *shall* compel the attendance of witnesses for hearing." (Emphasis added.) Further, also under § 70.47(8)(d), as amended by 2007 Wis. Act 86, § 2, the board "may, on a showing of good cause, compel the attendance of witnesses for depositions." A board decision not to order that witnesses be deposed is reviewable by the circuit court, and "if the court determines that the board lacked good cause to deny a request for a deposition subpoena, it shall remand the assessment to the board for further proceedings in accordance with the court's determination and retain jurisdiction of the matter until the board has determined an assessment in accordance with the court's order." § 70.47(13), as amended by 2007 Wis. Act 86, § 4. Additionally, consistent with *Nankin*'s concern that taxpayers did not have enough time or sufficient information to prepare for a hearing before a board of review, 2007 Wis. Act 86, §§ 1 and 6, creating § 70.47(7)(c) and § 70.47(16)(c) respectively, now require that the taxpayer be given upon request one sixty-day extension, which may be further extended for "good cause." Additionally, the parties are required to "at least 10 days before the scheduled board of review hearing . . . simultaneously exchange all reports, documents, and exhibits that the taxpayer and assessor will present at the hearing." *Ibid.*

¶ 11. 2007 Wis. Act 86 has not only given taxpayers in opt-in jurisdictions the functional equivalent of a court trial, but, it has also, consistent with *Nankin*'s observations, changed board procedure to give to the taxpayer more of a level playing field. Accordingly, the problems identified by *Nankin*, which we have outlined

in Part I, are no longer present, and the treatment of taxpayers in opt-in jurisdictions are not "substantially different" than the treatment of taxpayers in jurisdictions where an action under § 70.37(3)(d) is preserved.[9] As noted, we therefore do not discuss the "rational basis" element. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").

*By the Court.*—Order reversed.

---

[9] Despite an inexplicable and fleeting reference in the City's main brief on this appeal to a "trial by jury," Metropolitan Associates does not contend either that it or any similarly situated taxpayer would have a right to a jury trial under Wis. Stat. § 74.37(3)(d) or that this would affect the constitutionality of the challenged provisions of 2007 Wis. Act 86. Indeed, all of *Nankin*'s references to the trial permitted by § 74.37(3)(d) use the phrase "court trial." *Nankin*, 2001 WI 92, ¶¶ 24, 24 n.9, 25, 27, 28, 29, 30, 31, 32, & 41, 245 Wis. 2d at 104, 104 n.9, 106, 107, 108, & 112, 630 N.W.2d at 149, 149 n.9, 150, 151, & 153. Further, we have not found any reported decision that references a right to a jury under § 74.37(3)(d) except for two passing comments in *S.C. Johnson & Son, Inc. v. Town of Caledonia*, 206 Wis. 2d 292, 557 N.W.2d 412 (Ct. App. 1996), *overruled in part by Nankin*, 2001 WI 92, ¶ 47, 245 Wis. 2d at 116, 630 N.W.2d at 155, that the parties in that appeal believed that § 74.37(3)(d) encompassed a right to a jury trial. *S.C. Johnson & Son*, 206 Wis. 2d at 298, 305, 557 N.W.2d at 415, 417.